McGREGOR W. SCOTT
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
PETER THOMPSON
Special Assistant United States Attorney

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8943
    Facsimile:  (415) 744-0134
    E-Mail: Peter.Thompson@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| SHERYL JUELCH, | CIVIL NO. 2:06-CV-02871-CMK |
|     Plaintiff, | |
|     v. | STIPULATION AND ORDER OF VOLUNTARY REMAND AND DISMISSAL OF CASE, WITH DIRECTIONS TO CLERK TO ENTER JUDGMENT |
| MICHAEL J. ASTRUE[1], Commissioner of Social Security, | |
|     Defendant. | |

    IT IS HEREBY STIPULATED by the parties, through their undersigned attorneys, and with the approval of the Court as provided below, that the Commissioner has agreed to a voluntary remand of this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

    On remand, the Appeals Council will remand the case to an Administrative Law Judge to:

    Give further consideration to the treating and examining source opinions, including the opinion evidence provided by Paul Abrinko, M.D. and William Duffy, M.D., pursuant to the provisions of 20

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

CFR 404.1527, 416.927, and Social Security Rulings 96-2p and 96 5p, and nonexamining source opinions pursuant to the provisions of 20 CFR §§ 404.1527(f), 416.927(f), and Social Security Ruling 96-6p. The ALJ will clearly explain the weight given to such opinion evidence. The Administrative Law Judge will seek further information from Dr. Duffy, as to the basis of his opinion regarding Plaintiff's limitations, and as necessary will request that the treating and examining source provide additional evidence and further clarification of the opinions and medical source statements about what Plaintiff could do despite the impairments through September 13, 2005. The hearing decision should reflect consideration of all limitations opined by all of the sources in the record, including the "moderate" limitations opined by Paul Abrinko, M.D.

Give further consideration to Plaintiff's credibility that is consistent with Social Security Ruling 96-7p. The hearing decision will also reflect consideration of the lay information from Sherri Jacobson, Plaintiff's daughter, on a third-party questionnaire form (Tr. 147-152), in accordance with 20 CFR §§ 404.1513(d)(4), 416.913(d)(4), and Social Security Ruling 06-3p. The hearing decision will provide rationale which articulates the weight that was given to the lay information in the record, and if rejected, gives specific germane reasons for so doing.

Further evaluate the severity of Plaintiff's mental impairment in accordance with the special technique described in 20 CFR §§ 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR §§ 404.1520a and 416.920a..

Give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.

If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles

(DOT) and its companion publication, the Selected Characteristics of Occupations.

It is further stipulated that the administrative decision is hereby vacated and that the Clerk of this Court shall be directed to enter a separate judgment herein, as provided for under Rules 58 and 79(a) of the Federal Rules of Civil Procedure, pursuant to Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625 (1993).

                  Respectfully submitted,

Dated: October 12, 2007      */s/ Robert Kolber*
                  (As authorized via facsimile)
                  ROBERT K. KOLBER
                  Attorney for Plaintiff

Dated: October 12, 2007      McGREGOR W. SCOTT
                  United States Attorney
                  LUCILLE GONZALES MEIS
                  Regional Chief Counsel, Region IX
                  Social Security Administration

                  */s/ Peter Thompson*
                  PETER THOMPSON
                  Special Assistant U.S. Attorney

                  Attorneys for Defendant

                      ORDER

APPROVED AND SO ORDERED.

DATED: November 1, 2007

                  _____
                  **CRAIG M. KELLISON**
                  UNITED STATES MAGISTRATE JUDGE